**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-00857-MSK-KLM

THOMAS HERMAN,

Plaintiff,

v.

PENTAGROUP FINANCIAL, LLC,
a Texas limited liability company,

Defendant.

_____

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT AND JURY DEMAND**
_____

COMES NOW, Pentagroup Financial, LLC (the "Defendant"), by and through its counsel of record, and for its Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand (Plaintiff's "Complaint"), states as follows:

1. Defendant admits the allegations in Paragraph No. 1 of Plaintiff's Complaint stating that jurisdiction is proper.

2. Defendant denies the allegations contained in Paragraph No. 2 of Plaintiff's Complaint.

3. Defendant admits the allegation is Paragraph No. 3 of Plaintiff's Complaint stating that venue is proper in this District.

4. Defendant denies the allegations contained in Paragraph No. 4 of Plaintiff's Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 5 of Plaintiff's Complaint and accordingly denies same.

6. Defendant admits the allegation contained in Paragraph No. 6 of Plaintiff's Complaint.

7. Defendant admits the allegation that Plaintiff is a natural person.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 8 of Plaintiff's Complaint and accordingly denies same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 9 of Plaintiff's Complaint and accordingly denies same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 10 of Plaintiff's Complaint and accordingly denies same.

11. Defendant admits the allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph No. 12 of Plaintiff's Complaint.

13. Defendant admits that in some circumstances, Defendant may be considered a debt collector under 15 U.S.C. §1692a(6). However, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegation that it is a debt

collector under 15 U.S.C. §1692a(6) for purposes of the present action, and accordingly denies said allegation.

14. Defendant admits the allegations in Paragraph No. 14 of Plaintiff's Complaint.

15. Defendant admits that one of the purposes of its business is to collect delinquent financial obligations using the mail and telephone. Defendant denies the remaining allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16. Defendant admits that it regularly attempts to collect delinquent financial obligations. Defendant denies the remaining allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant admits that it regularly attempts to collect delinquent financial obligations that are owed or due or asserted to be owed or due another. Whether such delinquent financial obligations relate to personal, family or household purposes varies from account to account and, accordingly, Defendant denies the remaining allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant admits that Plaintiff incurred a financial obligation owed to Chase Bank. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations contained in Paragraph No. 18 of Plaintiff's Complaint and accordingly denies same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 19 of Plaintiff's Complaint and accordingly denies same.

20. Defendant admits that the Account went into default.

21. Defendant admits that after Plaintiff's Account went into default, it was placed

with Defendant for collection. Defendant denies the remaining allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22. The allegations contained in Paragraph No. 22 do not call for an affirmative response and, accordingly, Defendant denies same.

23. The allegations contained in Paragraph No. 23 do not call for an affirmative response and, accordingly, Defendant denies same.

24. Defendant admits that its collectors are employees. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations contained in Paragraph No. 24 of Plaintiff's Complaint and accordingly denies same.

25. Defendant denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26. Defendant admits that it placed some telephone calls to Plaintiff within a year prior to the filing of the Complaint, but Plaintiff fails to state on what specific date any alleged calls were made, the time of any alleged calls, the parties to any alleged calls, or any other specifics. Defendant denies the remaining allegations contained in Paragraph No. 26 of Plaintiff's Complaint.

27. Defendant admits that Plaintiff telephoned at certain times within a year prior to filing the Complaint, but Plaintiff fails to state on what specific date any alleged calls were made, the time of any alleged calls, the parties to any alleged calls, or any other specifics. Defendant denies the remaining allegations contained in Paragraph No. 27 of Plaintiff's Complaint.

28. Defendant admits that some of the telephone calls may have been made in an attempt to collect the Account, but Plaintiff fails to state on what specific date any alleged calls were made, the time of any alleged calls, the parties to any alleged calls, who initiated the

alleged calls, or any other specifics. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 28 of Plaintiff's Complaint and accordingly denies same.

29. Defendant admits that some of the telephone conversations with Plaintiff conveyed information to Plaintiff regarding his Account, but Plaintiff fails to state on what specific date any alleged calls were made, the time of any alleged calls, the parties to any alleged calls, or any other specifics. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 29 of Plaintiff's Complaint and accordingly denies same.

30. Defendant admits that some of the telephone conversations with Plaintiff may be considered a "communication" as defined under 15 U.S.C. § 1692a(2). However, Plaintiff fails to state on what specific date any alleged communications were made, the time of any alleged communications, the parties to any alleged communications, or any other specifics. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 30 of Plaintiff's Complaint and accordingly denies same.

31. Defendant denies the allegations contained in Paragraph No. 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph No. 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph No. 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph No. 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph No. 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph No. 36 of Plaintiff's Complaint.

37. Defendant admits that it did not intend to take legal action against Plaintiff, but denies that any such representations were made.

38. Defendant admits that it did not have the authority to take legal action against the Plaintiff but denies that any such representations were made.

39. Defendant admits the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph No. 41 of Plaintiff's Complaint.

42. Defendant admits the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

43. Defendant admits the allegations contained in Paragraph No. 43 of Plaintiff's Complaint.

44. Defendant admits the allegations contained in Paragraph No. 44 of Plaintiff's Complaint.

.

45. Defendant admits the allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph No. 46 of Plaintiff's Complaint.

47. Defendant admits the allegations contained in Paragraph No. 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph No. 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph No. 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph No. 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph No. 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph No. 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph No. 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph No. 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph No. 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph No. 56 of Plaintiff's

Complaint.

57. Defendant denies the allegations contained in Paragraph No. 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in Paragraph No. 58 of Plaintiff's Complaint.

59. Defendant admits that its collectors and representatives are employees of Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations contained in Paragraph No. 59 of Plaintiff's Complaint and accordingly denies same.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 60 of Plaintiff's Complaint and accordingly denies same.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 61 of Plaintiff's Complaint and accordingly denies same.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 62 of Plaintiff's Complaint and accordingly denies same.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 63 of Plaintiff's Complaint and accordingly denies same.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 64 of Plaintiff's Complaint and accordingly denies same.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 65 of Plaintiff's Complaint and accordingly denies same.

66. Defendant denies the allegations contained in Paragraph No. 66 of Plaintiff's Complaint.

67. Defendant repeats and realleges its responses to Paragraph Nos. 1-66 of Plaintiff's Complaint as though fully set forth herein.

68. Defendant denies the allegations contained in Paragraph No. 68 of Plaintiff's Complaint.

69. Defendant denies the allegations contained in Paragraph No. 69 of Plaintiff's Complaint.

70. Defendant denies all allegations contained in Plaintiff's Prayer.

71. Any allegation of Plaintiff's Complaint not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state any claims upon which relief may be granted.

2. To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. §1692k(c).

3. Plaintiff has not suffered any damages.

4. To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

5. Defendant reserves the right to add additional defenses presently unknown to it according to facts that may become known during the course of discovery.

WHEREFORE, Defendant respectfully prays that Plaintiff's Complaint be dismissed with prejudice in its entirety, that Defendant be awarded its reasonable attorneys' fees and costs incurred to date in defending this action, and for such other and further relief as this Court deems proper.

DATED this 16th day of May, 2011.

Respectfully submitted,
Adam L. Plotkin, P.C.

By: /s/Steven J. Wienczkowski
_____
Steven J. Wienczkowski, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 382-0528
FAX: (303) 302-6864
swienczkowski@alp-pc.com
Attorneys for Defendant

### Certificate of Service

I hereby certify that on May 16, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

larsonlawoffice@gmail.com

By: /s/Steven J. Wienczkowski
_____
Steven J. Wienczkowski, Esq.